UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERREL GASTON, | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-1054 |
| MICHAEL MCCOY, ROB MCCOY, BRIAN ASBELL, CANTEEN, INC., JASON, and RICK WIELAND, | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**JAMES E. SHADID**, **U.S. District Judge.**

Plaintiff, proceeding pro se from his incarceration in the Pinckneyville Correctional Center, seeks leave to proceed in forma pauperis on claims challenging the conditions of the Peoria County Jail.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The allegations are taken from Plaintiff's Complaint (d/e 1) and a motion to amend and memorandum he filed in support of the Complaint (d/e 7).

Plaintiff was detained in the Peoria County Jail for about seven months, from January 21, 2013, to August 5, 2013. He alleges that he was given no underwear when he was booked into the Jail, the policy being that detainees have to bring underwear from home or purchase underwear from the commissary. He does not say how long he had to go without underwear. He also alleges that he was "denied proper sanitation to clean and sanitize underclothes and t-shirts." (Complaint p. 5). He contends that detainees should be provided underwear and other necessities instead of relying on help from outside.

Plaintiff also alleges that the Jail was rife with mold. The roof allegedly leaked whenever it rained, sending brown water dripping to the floor and tables below. Paint chips also regularly fell from

the ceiling to the eating tables and the floor.  Plaintiff alleges that the mold and mildew in the showers caused him to suffer rashes and eczema.  He also alleges that he was exposed to second-hand cigarette and marijuana smoke, which caused him to develop breathing difficulties.  He allegedly still suffers from eczema and breathing difficulties as a result of the Jail's "unhealthy and deplorable" conditions.  Plaintiff's repeated complaints about these conditions were allegedly ignored.

On a separate issue, Plaintiff alleges that he was denied mental health treatment for his post-traumatic stress disorder, bipolar disorder, and depression during his stay at the Jail.  He also challenges the Jail's lack of a grievance procedure.

Plaintiff seeks damages as well as systemic changes to the Jail.  He seeks an injunction prohibiting unlabeled food products, an order directing the Jail and "Canteen, Inc." to follow Food and Drug Administration rules, the provision of underwear to detainees, and the closure of the pods he stayed in until the mold and leaks are fixed.

## ANALYSIS

"Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,' including adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)(*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (other citations omitted).[1]  The totality of the conditions governs the analysis. *Id.*

At this point, the allegations about the jail conditions are too conclusory to determine whether Plaintiff states a constitutional claim.  For example, the Court does not understand how Plaintiff was exposed to dangerous levels of second-hand smoke since smoking is prohibited in places of employment.  410 ILCS 82/15.  Additionally, requiring detainees who have the resources to buy or bring their own underwear does not violate the Constitution.  Shifting some of the costs of detention to the detainee is permissible, provided that the detainee is able to provide himself with the necessities.  *See, e.g.,* 730 ILCS 5/3-7-6(a)(IDOC inmates are responsible for reimbursing the IDOC for their cost of

---

[1] The Fourteenth Amendment is technically the applicable Amendment, since Plaintiff was a pretrial detainee, but the analysis is the same as under the Eighth Amendment.  *Budd*, 711 F.3d at 842.

incarceration). Plaintiff does not say how long he had to go without underwear or whether he was able to buy underwear or have someone bring him underwear. His allegations about inadequate "sanitation" for his clothes is vague. And, Plaintiff's request for the Court to direct Defendant "Canteen, Inc." to provide labeled food products and to follow FDA rules states no federal claim for relief. Plaintiff alleges no facts to suggest that the food he purchased through the canteen was unfit for consumption or that he was not provided adequate food by the Jail. *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)(prisons must provide safe and nutritionally adequate food)(*quoting Ramos v. Lamm*, 639 F.2d 559, 570 (10th Cir. 1980). Lastly, Plaintiff has no constitutional right to a grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

    As to Plaintiff's claim about the lack of mental health treatment, that claim is not properly joined with the conditions of confinement claim because the claims are unrelated and against different defendants. *See* Fed. R. of Civ. P. 18, 20. If Plaintiff wants to pursue his mental health treatment claim, he will need to file a

motion to sever and pursue the mental health claim in a separate case, paying a separate filing fee.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court dismisses the Complaint without prejudice to filing an amended complaint about the conditions of confinement Plaintiff experienced in the Peoria County Jail. Plaintiff's amended complaint is due June 12, 2015. If an amended complaint is not filed, then this action will be dismissed without prejudice.

2) If Plaintiff seeks to pursue a claim for deliberate indifference to his serious mental health needs during his confinement in the Peoria County Jail, then he must file a motion to sever by June 22, 2015. The following must be attached to the motion to sever: 1) a new complaint setting forth in more detail Plaintiff's allegations about his mental health problems, his efforts to obtain help, and the responses he received; and 2) a petition to proceed in forma pauperis. If Plaintiff does file a motion to sever, a new case will be opened and another filing fee will be assessed. If Plaintiff does not file a motion to sever, then Plaintiff's mental health treatment claim

in this case will be dismissed, without prejudice, as improperly joined with Plaintiff's conditions of confinement claim. Plaintiff is advised that his constitutional claims are subject to a two-year statute of limitations.

    3) Plaintiff's motion to amend is granted (7) to the extent Plaintiff requests that the allegations in the motion be considered in the Court's merit review. The Court has considered the allegations.

ENTERED: 6/1/2015

FOR THE COURT:

                              **s/James E. Shadid**
                              JAMES E. SHADID
                     UNITED STATES DISTRICT JUDGE