E-FILED
Thursday, 06 August, 2015  09:33:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

TERREL GASTON,       )
                     )
    Plaintiff,       )
                     )
    v.               )    15-CV-1054
                     )
MICHAEL MCCOY,       )
ROB MCCOY, BRIAN ASBELL,   )
CANTEEN, INC., JASON, and  )
RICK WIELAND,        )
                     )
    Defendants.      )

## SECOND MERIT REVIEW OPINION

**JAMES E. SHADID**, **U.S. District Judge.**

On June 1, 2015, the Court dismissed Plaintiff's Complaint without prejudice to Plaintiff filing an amended complaint regarding his claim that the conditions of the Peoria County Jail were inhumane during Plaintiff's eight month detention at the Jail.

Plaintiff has filed an amended complaint, which offers some more detail about the jail conditions. In particular, Plaintiff alleges that he was without a change of underwear for three weeks, and he also appears to be alleging that he had no soap, toothpaste, or toothbrush during this time. He alleges that the Jail is overrun

with mold, which caused him to suffer from skin problems, including eczema. He alleges an unsanitary eating facility—paint chips and brown water repeatedly dropping from the ceiling and walls on to the floors and dining tables. He also claims that Defendants failed to enforce the no-smoking law by failing to thoroughly search inmates. Plaintiff alleges that he was exposed to so much marijuana and cigarette smoke from other inmates that he had difficulty breathing. His allegedly complained to no avail.

At this point, the Court cannot rule out a possible constitutional claim based on the totality of conditions alleged by Plaintiff. "Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,' including adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)(*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (other citations omitted).[1] A more developed factual record will reveal if the deprivations suffered by Plaintiff were objectively serious in a constitutional sense and whether Defendants were deliberately indifferent to those conditions.

---

[1] The Fourteenth Amendment is technically the applicable Amendment, since Plaintiff was a pretrial detainee, but the analysis is the same as under the Eighth Amendment. *Budd*, 711 F.3d at 842.

Plaintiff also alleges that the canteen sold unlabeled products, but that does not state a claim under federal law. This case will proceed on Plaintiff's conditions-of-confinement claim only.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's "Motion to Amend" is construed as a motion to file an amended complaint and is granted (9).

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court concludes that Plaintiff states an arguable claim that the conditions of the Peoria County Jail violated constitutional standards. This claims proceeds against Defendants Michael McCoy, Rob McCoy, and Brian Asbell.

3) Defendants "Canteen, Inc.," "Jason," and Rick Wieland are dismissed.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13)    **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an**

initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.

14) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15) The Clerk is directed to terminate Defendants Wieland, "Jason," and Canteen, Inc. The Defendants in this case are Michael McCoy, Rob McCoy, and Brian Asbell.

ENTERED: 08/06/2015

FOR THE COURT:

                                                   s/James E. Shadid
                                                   JAMES E. SHADID
                                         UNITED STATES DISTRICT JUDGE