UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

TERREL GASTON,                )
                              )
    Plaintiff,                )
                              )
    v.                        )    15-CV-1054
                              )
MICHAEL MCCOY, et al.,        )
                              )
    Defendants.               )

## OPINION DENYING MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION

**JAMES E. SHADID**, **U.S. District Judge.**

This case is in discovery on Plaintiff's claim that the conditions of the Peoria County Jail violated constitutional standards during Plaintiff's detention there. Defendants have filed their second summary judgment motion on exhaustion, addressing the questions raised by the Court in denying the first motion for summary judgment.

Defendants' supplemental summary judgment motion still does not carry Defendants' burden of proving exhaustion. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)(burden of proof of

exhaustion is on the defendants). Plaintiff says he filed requests[1] and got no responses. Defendants say they have no record that Plaintiff filed a request. However, Defendants also concede that a detainee must turn in all three copies of the triplicate request form. (d/e 23-1, p. 6.) That means a detainee cannot keep the "pink" copy of the form before submitting the form, and therefore has no proof, other than his own testimony, that he filed a request. *Compare with* Briseno v. Bukowski, 14-CV-2263 (C.D. Ill)(dismissing for failure to exhaust where Kankakee County Jail procedures require a detainee to keep the pink copy before turning request in, and the plaintiff had not explained why he had no pink copy). Defendants also do not track the receipt of a grievance from an officer to its intended recipient, for example, by providing a signed receipt to the detainee from the officer taking the grievance. Without some proof of a chain of evidence, Defendants cannot meet their burden of either demonstrating exhaustion or creating a disputed fact for an evidentiary hearing. This Court recently reached a similar conclusion in another case involving IDOC

---

[1] Plaintiff asserts at one point in his complaint that the jail had no grievance procedure, but he then asserts that he submitted inmate request forms and got no response. Plaintiff may have been confused by the different terminology used by the IDOC (grievance form) and the jails (request form).

grievance procedures.  Daniels v. Hubert, 2015 WL 5734783 (C.D. Ill. 2015).

**IT IS THEREFORE ORDERED:**

1) Defendants' motion for summary judgment on exhaustion is denied (23).

2) Plaintiff's motion for summary judgment on exhaustion is denied (25).

3) Defendants' motion to stay discovery is denied (28).

ENTERED:  01/07/2016

FOR THE COURT:

                                     **s/James E. Shadid**
                                     JAMES E. SHADID
                             UNITED STATES DISTRICT JUDGE